## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **BRETT ALEN VASSEY AND CHRISTINA VASSEY,** | **CIVIL ACTION NO.** 2:23-cv-06186-DCN |
| **PLAINTIFFS,** | **COMPLAINT** |
| v. | **MOTOR VEHICLE COLLISION** |
| **ESTATE OF PAMELA KAY BYRD,** | **JURY TRIAL REQUESTED** |
| **DEFENDANT.** | |

### TABLE OF CONTENTS

I.     Parties ................................................................................................................. 2

II.    Jurisdiction ......................................................................................................... 2

III.   Venue .................................................................................................................. 3

IV.    Factual Allegations ............................................................................................ 3

V.     Cause of Action – Negligence - Recklessness ................................................... 3

VI.    Loss of Consortium ............................................................................................ 5

VII.   Prayer for Relief ................................................................................................. 5

Plaintiffs, complaining of Defendant, allege:

## I. PARTIES

1) At all times pertinent, Plaintiff Brett Alen Vassey ("Mr. Vassey") is and was a citizen and resident of Virginia.

2) At all times pertinent, Plaintiff Christina Vassey ("Mrs. Vassey") is and was a citizen and resident of Virginia.

3) On information and belief, at all times pertinent Pamela Kay Byrd (Ms. Byrd) was a citizen and resident of Georgetown County, S.C. and her probate estate exists in Georgetown County, S.C. (Hereinafter "Defendant" or "Ms. Byrd").

## II. JURISDICTION

4) This Court has subject matter jurisdiction concerning the allegations of this Complaint as the matter in controversy between the Plaintiffs and Defendant exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5) This matter is within the jurisdiction of this Court because of the amount in controversy and the complete diversity of citizenship between Plaintiffs and Defendant pursuant to 28 U.S.C. § 1332.

6) This Court has personal jurisdiction over Defendant as substantial actions and/or inactions of the Defendant took place in the Charleston Division and on information and belief, Defendant resided in this division.

### III.   VENUE

7) Venue is appropriate in the Charleston Division as the negligence occurred in this Division and the Defendant resided in Georgetown County, South Carolina. 28 U.S.C. § 121(1).

### IV.   FACTUAL ALLEGATIONS

8) The above is incorporated by reference.

9) On or about March 22, 2021, at approximately 3:30 p.m., Plaintiff Mr. Vassey was driving his car with his wife on US 17 Ocean Highway near Nelson Drive facing North near Pawleys Island, South Carolina.

10) Mr. Vassey was stopped in traffic.

11) Mrs. Vassey was in the right front passenger side of their car at that time.

12) At the same time and place, Defendant was traveling directly behind Plaintiffs on the same road.

13) Defendant was driving too fast for conditions and not paying attention as further alleged herein.

14) At the same time and place, Defendant struck Plaintiff Mr. Vassey's car from behind at approximately 30 miles per hour.

15) The force of the impact caused injuries, losses and damages to Mr. and Mrs. Vassey including property damage.

### V.   CAUSE OF ACTION – NEGLIGENCE - RECKLESSNESS

16) The above is incorporated by reference.

Complaint Vassey v. Estate of Pamela Kay Byrd

17) Defendant's conduct was negligent, careless, reckless, and/or wanton in one or more of the following ways:

   a) Driving a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing in violation of S.C. Code Ann. § 56-5-1520(a);

   b) In failing to control her speed to avoid colliding with a person or vehicle in violation of S.C. Code Ann. § 56-5-1520(a);

   c) In operating her vehicle in such a reckless manner as to indicate a wilful or wanton disregard for the safety of persons or property in violation of S.C. Code Ann. § 56-5-2920;

   d) In failing to keep a proper lookout;

   e) In failing to pay proper attention to conditions then and there existing;

   f) In failing to keep her vehicle under proper control;

   g) In failing to timely and/or properly apply the brakes of her car; and

   h) In otherwise operating her vehicle in a negligent, careless, wilful, wanton and/or dangerous manner.

18) As a direct and proximate result of the negligent, careless, reckless and/or wilful conduct of Defendant described herein, Mr. Vassey suffered losses and damages, had and will have personal injuries, loss of enjoyment of life, pain and suffering, wage loss, other losses and other damage, including the

need for medical treatment, surgery, related expenses, and wage loss, and property damage.

### VI.     LOSS OF CONSORTIUM

19)   Plaintiffs incorporate the above herein.

20)   As a direct and proximate result of the negligent, careless, reckless and/or wilful conduct of Defendant described herein, Mrs. Vassey has and continues to have loss of consortium and other related losses.

### VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment against Defendant in such amount of damages, including actual, punitive, statutory or otherwise, as may be determined by the trier of fact and/or the Court as well as costs, prejudgment interest and for such other and further relief as is deemed just and proper.

**KAHN LAW FIRM, LLP**

**s/ JUSTIN S. KAHN**
**[FED. ID. NO. 5779]**
PO BOX 31397
CHARLESTON, SC 29417-1397
P. 843.577.2128
F. 843.577.3538
**ATTORNEY FOR PLAINTIFFS**
JSKAHN@KAHNLAWFIRM.COM